UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                        :
ANTIK DENIM LLC; GURU DENIM, INC.;         **CIV. ACTION NO.:**
VPC ENTERPRISES, LLC,                                  :
                                                        :  **[PROPOSED] TEMPORARY**
                        Plaintiffs,          :  **RESTRAINING ORDER,**
                                                          **SEIZURE ORDER, EXPEDITED**
                - against -                   :  **DISCOVERY ORDER,**
                                                          **ORDER TO SHOW CAUSE FOR**
X-TREEM VIBE, INC. d/b/a YELLOW RAT  :  **PRELIMINARY INJUNCTION,**
BASTARD; JOHN DOES 1-15 and XYZ               **AND ORDER SEALING FILE**
CORPS. 1-15,                                  :
                                                 **[FILED UNDER SEAL**
                        Defendants.           :   **PURSUANT TO 15 U.S.C. § 1116]**
                                                        :
-------------------------------------------------------x

        Plaintiffs Antik Denim LLC, Guru Denim, Inc. and VPC Enterprises, LLC (collectively

"Plaintiffs") having moved *Ex Parte* against Defendants X-Treem Vibe, Inc. d/b/a Yellow Rat

Bastard and various unidentified XYZ corporations and/or unidentified John and Jane Doe

Defendants (collectively, the "YRB Defendants"), for a temporary restraining order, seizure

order, order to show cause for preliminary injunction, order sealing file and order expediting

discovery pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. §1051,

*et seq.*), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the

"Lanham Act"), for the reason that Defendants are manufacturing, importing, exporting

distributing, marketing, advertising, offering for sale and/or selling goods bearing counterfeit

reproductions of Plaintiffs' federally registered trademarks, trade names, logos and/or copyrights

as set forth in Plaintiffs' Complaint in this action (collectively, "Plaintiffs' Marks and Designs"),

which are owned and controlled exclusively by Plaintiffs, and the Court, having reviewed the

Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith,

finds:

1.      Plaintiffs are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of Plaintiffs' Marks and Designs in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of products, including apparel (the "Counterfeit Products");

2.      The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if seizure of the Counterfeit Products and the records pertaining thereto is not ordered;

3.      The YRB Defendants, or other persons acting in concert with YRB Defendants, would likely destroy, move, hide or otherwise make the Counterfeit Products and business records relating thereto inaccessible to the Court if Plaintiff proceeded on notice to YRB Defendants, thus frustrating the ultimate relief Plaintiffs seek in this action;

4.      The harm to Plaintiffs from denial of the requested *ex parte* seizure order outweighs the harm to YRB Defendants' legitimate interests against granting such an order;

5.      Plaintiffs have represented they have not publicized the requested seizure order;

6.      Plaintiffs have provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure order;

7.      Plaintiffs have demonstrated the location(s) at which YRB Defendants are offering for sale and/or selling the Counterfeit Products and are likely to be holding the business records relating thereto; and

8.      Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, destruction of the Counterfeit Products, the acquisition of

the business records relating to the Counterfeit Products, and an award to Plaintiffs of lost profits or damages.

THEREFORE, IT IS HEREBY ORDERED that YRB Defendants, including X-Treem Vibe, Inc. d/b/a Yellow Rat Bastard, John Does 1-15 and XYZ Corporations 1-15, appear to show cause on the _____ day of November 2005 at _____ a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom _____, in the United States District Court for the Southern District of New York why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting Plaintiffs a preliminary injunction as follows:

1.      Restraining and enjoining YRB Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, during the pendency of this action, from:

a)      Using in any manner Plaintiffs' Marks and Designs, alone or in combination with any word or words which so resemble each said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not Plaintiffs' Marks and Designs, or not authorized by Plaintiffs to be sold in connection with the Plaintiffs' Marks and Designs;

b)      Passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiffs, not Plaintiffs', or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the Plaintiffs' Marks and Designs;

c)      Committing any acts calculated to cause purchasers to believe that YRB Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

d)      Further diluting and infringing all Plaintiffs' Marks and Designs and damaging Plaintiffs' goodwill;

e)      Shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear Plaintiffs' Marks and Designs;

f)      Otherwise competing unfairly with Plaintiffs in any manner; and

g)      Assisting any other party in committing the acts described above in Paragraph 1(a)-(f).

2.      Impounding, during the pendency of this action, garments and other items, including, without limitation, molds, labels, patches, printing devices, advertising, packaging and other materials and merchandise seized pursuant to the provisions of this Order.

IT APPEARING to the Court that YRB Defendants are manufacturing, exporting importing, distributing, marketing, advertising, offering for sale and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court:

IT IS FURTHER ORDERED, that pending the hearing on Plaintiffs' application for a preliminary injunction, YRB Defendants, including Yellow Rat Bastard, John Does 1-15 and XYZ Corporations 1-15, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

(a)      committing any of the acts set forth in subparagraph (1)(a)-(g) above;

(b)      moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing the Plaintiffs' Marks and Designs or any reproduction, counterfeit, copy or colorable imitation thereof;

    (c)    removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing the Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation thereof; and

IT IS FURTHER ORDERED, that the United States Marshal for this District or the District in which YRB Defendants are located, as applicable, or any federal, state, county or local law enforcement officers, together with one or more attorneys or agents of Plaintiffs, is hereby authorized and directed to seize and impound from all locations within this District and any other Districts where the Counterfeit Products are sold, offered for sale, distributed, transported, manufactured and/or stored including, but not limited to, the following locations at which YRB Defendants are doing business:

    1.   Yellow Rat Bastard Store and corporate office located at 478 Broadway, New York, New York, 10012; and

    2.   Yellow Rat Bastard store located at Queens Center Mall, 90-15 Queens Blvd., Elmhurst, New York, 11373.

and deliver to Plaintiffs or its representatives any and all unauthorized and unlicensed merchandise bearing the Plaintiffs' Marks and Designs, as well as the means for making same; the books and records relating thereto, including, but not limited to, records and data contained in electronic format on computers, hard drives, zip drives and/or disks, and the computers, hard drives, zip drives and/or disks containing such records and data in electronic form; as well as the containers or vehicles in which any of the foregoing items are maintained, held, or transported; and

IT IS FURTHER ORDERED, that the United States Marshal or other law enforcement officer(s) effecting such seizure shall employ whatever reasonable force is necessary to enter the

premises owned, leased or controlled by YRB Defendants or the location to be searched where the Counterfeit Products or labels and business records relating thereto may be found, and together with counsel for Plaintiffs, inspect the contents of any computers, rooms, vehicles, closets, cabinets, containers, cases, desks or documents located on the identified locations or other premises controlled by YRB Defendants; and

IT IS FURTHER ORDERED, that Plaintiffs' agents shall promptly inspect all items seized and, if any items are found to be authorized products, such items are to be returned to YRB Defendants within ten (10) business days after the date this Order is executed; and

IT IS FURTHER ORDERED, that the search and seizure ordered herein may be photographed or videotaped by the representatives of Plaintiffs for the purpose of authenticating and assisting in obtaining evidence and preventing any controversy regarding the activities and events occurring during said search and seizure; and

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless YRB Defendants stipulate, or have not objected, to the Preliminary Injunction; and

IT IS FURTHER ORDERED, that any merchandise or means of making such merchandise or records and other items seized shall be appropriately tagged to permit identification; YRB Defendants shall be given a receipt thereof; such merchandise, records or other items seized shall be impounded in the custody or control of Plaintiffs or Plaintiffs' agents as substitute custodian pending further order of this Court and shall be made available for inventory or inspection by the party from which it was seized or its counsel during normal business hours; and that any such records seized shall likewise be impounded and shall be

subject to a protective order whereby access thereto shall be initially restricted to Plaintiffs'

counsel, YRB Defendants and YRB Defendants' attorneys of record, who shall all be permitted

to inspect and copy such records, and such records shall be copied and the copies returned to

YRB Defendants within five (5) business days of the date this Order is executed.  This protective

order, restricting access to such documents, shall expire on the date set forth above for the

hearing on the Order to Show Cause, unless extended by Court order, so that at such hearing and

thereafter the contents of such records may be revealed, unless otherwise ordered by this Court;

and

IT IS FURTHER ORDERED, that Plaintiffs shall post a corporate surety bond, cash or a

certified or attorney's check in the amount of ten thousand dollars ($10,000) as security,

determined adequate for the payment of such damages as any person may be entitled to recover

as a result of a wrongful seizure, attempted seizure, or restraint hereunder; and

IT IS FURTHER ORDERED, that sufficient cause having been shown, the above seizure

shall take place and service of this Order together with the Summons and Complaint, shall be

made on only YRB Defendants personally, or by delivery to an adult of suitable age, at only

YRB Defendants' place of business or residence or where only YRB Defendants are selling or

holding for sale the items to be seized and the records related thereto, and that such service shall

be made and such seizure shall take place within ten (10) days from the date of this Order, except

as to John Doe or XYZ Corporation Defendants who may be later identified, or at such time as

may be extended by this Court; and

IT IS FURTHER ORDERED, that Plaintiffs' counsel file with the court within ten (10)

business days after the seizure is executed an affidavit or declaration stating the date on which

the seizure was executed, whether goods and/or other materials were seized and a description thereof, and where the goods and/or other materials are stored; and

IT IS FURTHER ORDERED, that YRB Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Greenberg Traurig LLP, 200 Park Avenue, 34th Floor, New York, New York 10166, Attention: Scott Gelin, Esq., no less than two (2) days in advance of the hearing to show cause as set forth above, with any reply by Plaintiffs to be filed and serve at the hearing; and

IT IS FURTHER ORDERED, that discovery herein may begin immediately and Plaintiffs be permitted, immediately after service of the Court's order, to inspect and copy YRB Defendants' records of the purchase, manufacture, importation, exportation, distribution, advertising, marketing, offer for sale and sale of Counterfeit Products, as well as serve discovery requests pursuant to Fed. R. Civ. P. 33 and 34, to be answered within two business days of service, and thereafter, to take depositions of the persons responsible for YRB Defendants' business; and

IT IS FINALLY ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal.

YRB Defendants are hereby given notice that failure to attend the hearing scheduled herein shall result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the within temporary restraining order, and shall otherwise extend for the pendency of this litigation relief upon the

same terms and conditions as comprise this temporary restraining order.  YRB Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such preliminary injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

DATED this ___ th day of _____, 2005.   UNITED STATES DISTRICT COURT

Hour: _____ a.m./p.m.       By: _____
                                                 United States District Judge